**ANDY MOHAN INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 75–30.**

United States Court of Customs and Patent Appeals.

July 15, 1976.

Edward N. Glad, Glad, Tuttle & White, Los Angeles, Cal., attorneys of record, for appellants.

Rex E. Lee, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Washington, D. C., Velta A. Melnbrencis, New York City, for the U. S.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MILLER, Judge.

This appeal is from the judgment of the United States Customs Court, 74 Cust.Ct. 105, C.D. 4593, 396 F.Supp. 1280 (1975), with which familiarity is assumed, affirming the appraised values and dismissing appellant's appeal for reappraisement. We affirm.

*Issues*

The issues have been narrowed by the pleadings to the cost of materials, fabrication, and packing for the purpose of constructed value as defined in section 402(d) of the Tariff Act of 1930, ch. 497, Pub.L. No. 361, 46 Stat. 708, as amended by the Customs Simplification Act of 1956, ch. 887, Pub.L. No. 927, 70 Stat. 944, 19 U.S.C.

1401a(d). The question is whether the Customs Court erred in holding that appellant's evidence was insufficient to carry its dual burden of establishing error in the appraised values and the correctness of the claimed values.

### Facts

The imported merchandise consists of six suits, two vests, two pairs of slacks, and one jacket. Appellant previously litigated the same issues before the Customs Court, the only difference being the specific imported merchandise, 63 Cust.Ct. 601, R.D. 11682 (1969), and the record of that case has been incorporated herein. The sole witness in the incorporated case was Andy Mohan. His testimony was vague and insufficient, leading to dismissal of the action.

In this case appellant has merely supplemented the incorporated record with two affidavits, while the government has cross-examined Mr. Mohan and introduced copies of customer orders for most of the imported merchandise. Appellant relies on the two affidavits, the copies of customer orders, incorporated Exhibit 4 (an original customer order with two swatches of material attached), and incorporated Exhibits 12 and 16 (invoices for fabric showing its cost and only a general description of the fabric components, without their percentages).

Concerning the cost of materials, affiant Mrs. Samtani, Andy Mohan's sister, stated that according to her accounts, which she personally kept, the price for fabric of the quality that went into each of the imported articles was a certain amount. However, the accounts upon which her statement was based were not identified or produced. The affidavit was sworn to in 1972, seven years after entry of the merchandise and four years after all records of Mohan's Hong Kong office were destroyed, according to Mohan's testimony.

The customer orders do not specify the quality of the fabric that went into the imported merchandise. Nor is there any indication that the fabric for which the invoices (Exhibits 12 and 16) were issued was actually used to make the imported merchandise. Mohan's testimony reveals that the price of fabric varies a great deal, that the quality of fabric used in the imported merchandise cannot be determined from the customer orders, and that the quality of fabric for which the invoices were issued cannot be determined from the invoices.

In regard to the cost of fabrication, both Mrs. Samtani and the other affiant, Hing, an official of the firm that made clothing for Andy Mohan, Inc., swore to the same specific prices for fabrication in effect at the time of the importation for suits, slacks, jackets, and vests. Mohan, however, attested to other figures in both this case and the incorporated case.

With respect to the cost of packing, the only evidence offered in support of the claimed value is Mrs. Samtani's statement—

> That it is also my responsibility to have the merchandise packed. This particular shipment of January 15, 1965 was packed in a single box, the cost of which, as shown by the accounts I personally kept in the regular course of business, was HK [Hong Kong] $2.00 for the box and packing paper and HK$1.00 for the string and gum tape.

The records were not produced, and Mohan attested to different figures in the incorporated case.

### Opinion Below

The Customs Court held, upon review of the entire record, that the importer had failed to meet its burden of proof. It reasoned that where the issue is constructed value, evidence (especially cost records and related documents) is subject to careful scrutiny, and all elements of a claimed value must be established by substantial competent evidence. It found that the evidence was ambiguous and included unexplained discrepancies. It criticized the lack of documentary evidence on costs and the failure to explain how the affiants were able to recall cost items years after the transactions. Finally, it determined that the testimony on costs of fabrication and packing

**518**

was defective because it consisted "solely of conclusory statements which are totally unsupported by evidentiary facts."

### OPINION

Appellant argues that the two supplementary affidavits contain evidentiary facts rather than conclusions, namely: information relative to the cost of materials, fabrication, and packing, not dependent upon interpretation of facts. Appellant further argues that the copies of customer orders and incorporated Exhibits 4, 12, and 16 corroborate Mrs. Samtani's affidavit regarding cost of materials and that her affidavit corroborates Hing's statement regarding cost of fabrication. Accordingly, appellant contends that the unrebutted evidence has overcome the presumption of correctness of the appraised values and establishes the correctness of the claimed constructed values.

Appellant's arguments are not persuasive that the findings of the Customs Court are either unsupported by substantial evidence (*United States v. Parksmith Corp.*, 62 CCPA 76, C.A.D. 1149, 514 F.2d 1052 (1975)) or clearly contrary to the weight of the evidence (*Mannesmann-Meer, Inc. v. United States*, 58 CCPA 6, C.A.D. 995, 433 F.2d 829 (1970)). The Customs Court correctly scrutinized the affidavits with care, because, being ex parte, they were not subject to cross-examination. Moreover, they are entitled to little weight, being incomplete and based on unproduced records, and having been executed years after the transactions to which they attest. See *Daystrom, Inc. v. United States*, 54 CCPA 111, 115–16, C.A.D. 920 (1967); *United States v. Baar & Beards, Inc.*, 46 CCPA 92, 96, C.A.D. 705 (1959).[1]

Evidence should be assessed "in practical terms, considering such factors as completeness, adequacy of bases, and possible motives to deceive," rather than on the basis of artificial distinctions between ultimate and evidentiary facts. *Mannesmann-Meer,*

*Inc. v. United States, supra.* We agree with the Customs Court that the evidence here is incomplete, inadequately based, insufficiently supported by records, and contradictory.

Accordingly, the judgment of the Customs Court is *affirmed.*

*AFFIRMED.*

---

1. Indeed, the Customs Court had discretion to refuse to admit the affidavits as an exception to the hearsay rule under 28 U.S.C. § 2635. *United States v. Gehrig, Hoban & Co.*, 54 CCPA 129, 133–34, C.A.D. 924 (1967); S.Rep. No. 91–576, 91st Cong., 1st Sess. 20 (1969); H.R. Rep. No. 91–1067, 91st Cong., 2d Sess. 20 (1970).