Slip Op. 02-69

UNITED STATES COURT OF INTERNATIONAL TRADE

**Before Judge Judith M. Barzilay**

————————————————————x

HOLFORD (USA) LTD., INC.,                    :

        Plaintiff,                          :

    v.                                          **Court Nos. 95-09-01259, 95-10-01321, 96-01-00010**

UNITED STATES,

                                :

        Defendant.                          :

————————————————————x

[Plaintiff's Motion for Summary Judgment Denied; Defendant's Cross-Motion for Summary Judgment Granted.]

Decided: July 18, 2002

*Neville Peterson LLP, George W. Thompson, (Margaret R. Polito), Maria E. Celis*, for Plaintiffs.

*Robert D. McCallum, Jr.,* Assistant Attorney General, United States Department of Justice; *John J. Mahon*, Acting Attorney in Charge, International Trade Field Office; (*Amy M. Rubin*), Civil Division, United States Department of Justice, Commercial Litigation Branch; *Sheryl A. French*, Attorney, Office of Assistant Chief Counsel, International Trade Litigation, United States Customs Service, of Counsel, for Defendant.

**OPINION**

**BARZILAY, JUDGE:**

**I. INTRODUCTION**

This matter is before the court on Plaintiff's and Defendant's cross motions for summary judgment, pursuant to Rule 56 of the Court of International Trade. The Defendant, the United

States Customs Service ("Customs"), refused to classify as eligible for duty free treatment under the United States-Israel Free Trade Agreement ("IFTA") Plaintiff's importation of certain women's cotton jeans. *See* United States-Israel Free Trade Area Implementation Act of 1985, Public Law 99-47, 99 Stat. 82 (1985). Plaintiff filed protests to the classification, which Customs denied. Plaintiff now appeals the denied protests to this court. The court exercises jurisdiction under 28 U.S.C. § 1581(a).[1]


## II. BACKGROUND

Plaintiff, Holford (U.S.A.), Ltd, Inc.("Holford"), imported women's cotton denim jeans from an affiliated company Holford Industrial Limited in Israel ("Holford Israel"). The jeans were manufactured in Israel and China to take advantage of the United States-Israel Free Trade Agreement that grants duty free treatment to the jeans if 35% of the "appraised value of the product at the time it is entered into the United States" is from the "cost or value of the materials" produced in Israel "plus the direct costs of processing operations performed in . . . Israel." United States-Israel Free Trade Area Implementation Act of 1985, § 9(a)(3). Holford Israel bought fabric from another associated company, Yiu Fat Company, Ltd. of Kowloon, Hong Kong. *Plaintiff's Statement of Material Facts as to Which No Genuine Issue Exists* ("*Pl.'s St. of Material Facts*") at ¶ 8. The fabric was sent from China to Israel where Holford claims it was cut into components by Holford Israel at a cost of $0.70 per jean. *Id.* at ¶ 10. Holford Israel

---

[1] (a) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.

then contracted out to an independent company, Argaman Industries in Israel, the process of assembling the cuttings into jean panels at a cost range of $2.30 - $2.60 per jean. *Id.* at ¶¶ 13-19. Holford claims the panels were then shipped back to China for final assembly, and finally returned to Israel for packing and inspecting, at a claimed cost of $.20 per jean. *Id.* at ¶¶ 21-25. From Israel they were shipped to the Port of Newark, New Jersey.[2] The jeans were initially classified under the duty-free provision subheading 6204.62.4010, HTSUS (1993).[3]

Customs officials at the port issued two Customs Form 28 Requests for Information on December 9, 1993 and January 4, 1994. *Defendant's Statement of Additional Material Facts as to Which There Are No Genuine Issues to be Tried* at ¶ 3. The requests specifically asked for supporting documentation for Holford's IFTA claim and a breakdown of costs incurred in China and Israel. Holford did not adequately respond to the request in the opinion of Customs, and

---

[2] This opinion covers three different entries.

| Entry No. | Date of Entry | Case No. |
|---|---|---|
| 204-0333394-9 | Nov. 5, 1993 | 95-09-01259 |
| 204-0333395-6 | Nov. 3, 1993 | 95-10-01321 |
| 204-0334196-7 | Dec. 23, 1993 | 96-01-00010 |

[3]

| 6204 | Women's or girls' suits, ensembles, suit-type jackets, blazers, dresses, skirts, divided skirts, trousers, bib and brace overalls, breeches and shorts (other than swimwear) (con.): . . . . | | |
|---|---|---|---|
| 6204.62.40 | Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 17.7% | Free (IL) |
| . . . . | | | |
| 10 | Blue Denim (348) | | |

Customs, therefore, denied IFTA treatment. *Id.* at 4. The goods were liquidated under the HTSUS subheading 6204.62.40 at 17.7% *ad valorem*. Plaintiff protested the classification. The protest was denied and Plaintiff filed an appeal with this court.

### III. STANDARD OF REVIEW

Plaintiff has moved for summary judgment under Rule 56 of the Rules of the Court of International Trade. Generally, summary judgment is appropriate when there are no genuine issues of material fact as to the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In this case, Plaintiff contends the documentary evidence and affirmation demonstrate that the requirements for duty-free treatment under the IFTA have been met. *See Mem. of Points and Authorities in Supp. of Pl.'s Mot. for Summ. J.* ("*Pl.'s Brief*") at 8.[4] Because Defendant has not come forward with any opposing evidence or a motion for trial, Plaintiff contends that summary judgment in its favor is warranted.

Defendant claims denial of Plaintiff's Motion for Summary Judgment, and support for its Motion for Summary Judgment, is proper because Holford has failed to submit sufficient evidence to support its motion. *Def.'s Mem. in Supp. of its Cross-Mot. for Summ. J. and in Opp. to Pl.'s Mot. for Summ. J.* ("*Def.'s Br.*") at 7. In addition, the Defendant claims because this case involves a Customs classification decision based on a factual determination, it is accorded a presumption of correctness, and Holford has not overcome this presumption. *See* 28 U.S.C. § 2639(a)(1)(1988).

---

[4] Plaintiff and Defendant submitted three series of briefs, one for each of the case numbers. There are only minor differences in content between each of the briefs. All citations to briefs in this opinion are to those for Court No. 95-10-01321, unless otherwise noted.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." USCIT R. 56(c). Moreover, summary judgment is a favored procedural device "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1); *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1562 (Fed. Cir. 1987). Whether a disputed fact is material is identified by the substantive law and whether the finding of that fact "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248. In a classification action once the court has decided that no material facts are in dispute, it is then left with a purely legal question involving the meaning and scope of the tariff provision and whether it includes the imported merchandise. *See National Advanced Systems v. United States*, 26 F.3d 1107, 1109 (Fed. Cir. 1994). However, the "movant bears the burden of demonstrating absence of all genuine issues of material fact." *SRI International v. Matsushita Electric Corporation of America*, 775 F.2d 1107, 1116 (Fed. Cir. 1985)(citations omitted). This burden may be met by submission of affidavits. USCIT R. 56(c). If a party submits an affidavit in support of or in opposition to a motion for summary judgment, the form of the affidavit must comply with USCIT R. 56(e), which requires that it be made on personal knowledge, setting forth facts that would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. A lack of sufficient documentation and explanation as to the basis of an affiant's knowledge will constitute a fatal defect on the face of the motion. *United States v. F.H. Fenderson, Inc.*, 10 CIT 758, 761, (1986) (citing *Fortune Star Products Corp. v. United States*

78 Cust. Ct. 184, 188 C.R.D. 77-3 (1977)).


## IV. DISCUSSION

In order to overcome the presumption of correctness that attaches to Customs' factual determinations, and make out a prima facie case, Plaintiff must come forward with sufficient evidence. Only if the Plaintiff makes out a prima facie case with supporting documents is it incumbent upon Customs to respond with its own evidence. In this case summary judgment for Plaintiff is appropriate only if Plaintiff's claims are sufficiently supported as a matter of law. If the court must weigh the credibility of evidence, that becomes a fact-finding role, and it is necessary to go to trial. *See E.I. Dupont de Nemours & Co. v. United States*, 24 C.I.T. ___, ___, 123 F. Supp. 2d 637, 643 (2000).

There are five essential facts that need to be established for Plaintiff to prevail on its claim of duty-free treatment under the IFTA. If Holford cannot provide evidence for each of these points, its claim fails: first, the total imported value of the product, which both sides concede to be between $8.35 and $9.45 (*Pl.'s St. of Material Facts* ¶¶ 4-8); second, that the cutting costs per jean were $0.70 for work done in Israel; third, that the subassembly costs per jean, done by contract with Argaman Industries of Israel, were $2.30-2.50 per jean; fourth, the cost of washing, packing and inspecting the jeans, done in Israel prior to shipment to the United States, was $0.20 per jean; and fifth, that the jeans entered into the Israeli market before being shipped to the U.S.[5]

---

[5] Under HTSUS General Note 8(b)(ii) goods are eligible as "products of Israel" only if: "each article is imported directly from Israel . . . into the customs territory of the United States. . . ."

In support of its motion, Plaintiff submits the following documentation: entry forms for the Port of Newark; Certificate of Origin from Israel; proforma invoices issued by Holford Israel; commercial invoices issued by Yui Fat Company Ltd.; cutting records as to the number of jeans cut in Israel; sub-contracts between Yui Fat Co. Ltd. and Holford Israel stating total cost of cutting in Israel; invoices from Argaman for subassembly work; bills of lading for the jeans from Haifa, Israel to Hong Kong; bills of lading from Haifa to New York; and an affirmation by Glenn Fleisher, former production manager of the Holford Israel plant.

The Fleisher affirmation is the linchpin of Holford's support for its motion for summary judgment.  It provides the only evidence accrediting the invoices from Argaman accounting for the $2.30 charge for the assembly work.  It is the only evidence offered to establish the $0.20 inspecting and packing charge.  Finally, it is the only evidence offered to confirm the cost (as opposed to quantity) of the $0.70 charge for cutting in Israel.  Defendant asks that the affirmation be "disregarded in considering these cross-motions for summary judgment," because it "does not provide the type of support contemplated by the Rules of this Court." *Def.'s Br.* at 10.  Under Rule 56(e), supporting affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Defendant objects to the whole of the Fleisher affirmation.  The court, however, need only inquire as to the affirmation's ability to support the facts at issue in the summary judgment motion.

The affirmation was prepared several years after the process it details occurred. and is dated August 16, 2001.  Holford stopped the manufacturing at issue in "late 1993." *Fleisher Aff.* at ¶ 13.  Mr. Fleisher claims he was a "resident of Israel and was employed by Holford Industrial

Ltd. as the manager of operations at its plant in Kiryat Shemona, Israel." *Id.* at ¶3. Mr. Fleisher is currently a resident of Australia. *Id.*

The Fleisher affirmation claims that the "records . . . submitted . . . with the material statement of facts constitute the business records of Holford Industrial Limited of Israel which were generated and kept in the normal course of business." *Id.* at ¶ 2. Fleisher claims that as part of his job as manager of operations he oversaw importing and exporting of goods, scheduling of production and assignment of work to the employees, keeping of financial records, oversight of the financial staff and related matters. *Id.* at ¶ 3. He also claims that he was responsible for the verification and preparation of shipping documents, certificates of origin and multi-country declarations required by Customs. *Id.*

To support Plaintiff's claim that the cutting was done in Israel at a cost of $0.70 per jean, Holford relies on the affirmation of Glenn Fleisher, a copy of a sub-contract between Yui Fat and Holford Israel, and weekly summary sheets prepared by Holford Israel. Defendant contends this is not conclusive evidence because it does not allow Customs or the court to verify the costs. Customs asked Holford to submit cutting tickets, salary records, workers' time cards or other information, which Customs traditionally looks at to determine cutting costs. A combination of cutting tickets and salary information allows Customs to calculate the cost of cutting per jean. The affirmation of Mr. Fleisher states that following the instruction of Holford's lawyers, he "calculated that the direct cost of production for each pair of jeans was $0.70 each." *Fleisher Aff.* at ¶ 7.

To establish the $0.70 amount, Mr. Fleisher does not indicate any specific documents that he relied on to make this calculation or any subtotals that he used. No documents indicating the

subtotals or cost amounts were submitted by Plaintiff to support the Fleisher affirmation. The affirmation indicates only the methodology and final result. Without any of these supporting documents the Fleisher affirmation lacks foundation and offers no facts which would be admissible. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 53 (2d Cir. 1993) ("Summary evidence is admissible as long as the underlying documents also constitute admissible evidence and are made available to the adverse party")(citations omitted). Careful scrutiny of Mr. Fleisher's affirmation is warranted because the statements he makes are *ex parte* and not subject to cross-examination. "Moreover, they are entitled to little weight, being incomplete and based on unproduced records, and having been executed years after the transaction to which they attest." *Andy Mohan, Inc. v. United States*, 63 C.C.P.A. 104, 107, 537 F.2d 516, 518 (1976). The lack of documentation, cost details, and explanation, as to the basis of the affiant's knowledge of the costs of the stages in the assembly process "is a fatal defect in the affidavit," and as a result his affirmation cannot be given any weight. *Fortune Star*, 78 Cust. Ct. at 188.

The sub-contract (Ex. E) memorializes an agreement between Yiu Fat Company of Kowloon, China and Holford Israel for cutting to be done at $0.70 per jean.[6] Like Mr. Fleisher's affirmation, this document is conclusory, with no supporting material to indicate its source. The document does not specify where the cutting is to take place, though Mr. Fleisher claims it is in Israel, and the sub-contract states that the finished work is to be sent to China via Hong Kong, implying that the cutting will take place in Israel.

The asserted fact contained in the contract documents, and at one point in Mr. Fleisher's

---

[6] This document is not included in the supporting exhibits to Court No. 95-09-01259. Therefore, in that case only Mr. Fleisher's affirmation stands to support the $0.70 cost.

affirmation may be admissible if proper foundation is established. "At the court's discretion, calculations are admissible into evidence if the underlying data upon which they are based is admissible." *Verson, a Div. of Allied Products Corp. v. United States*, 22 CIT 151, 156 n.11, 5 F. Supp. 2d 963, 968 n.11 (1998)(citations omitted). However, Plaintiff does not offer any documents to support the calculations and does not even indicate the existence of such documents. Indeed, Customs repeatedly requested these documents before denying the product duty-free treatment. Without any supporting evidence, the $0.70 calculation is not admissible and cannot serve to advance Plaintiff's claims.

Similar problems exist with Plaintiff's attempt to establish the $0.20 charge per jean for inspection and packing, and the $2.30-2.60 charge for the outsourced subassembly by Argaman Industries in Israel. The only direct evidence to support the $0.20 amount for inspecting and packing in Israel is Mr. Fleisher's affirmation. *See Fleisher Aff.* at ¶ 10. He states:

> Upon return from Israel, the goods were unpacked from the containers, sorted according to the requirements of the order to be shipped, inspected and where necessary, repairs were made. Again we calculated the direct costs of processing the jeans. This included the cost of importing and trucking the jeans to the facility, the opening and sorting of the boxes, the inspection of the goods, the preparation of the necessary packing lists and other documentation for shipment, and the return trucking to the p[ort]. This was calculated to be $0.20 per unit.

*Id.* As with Fleisher's statements about the $0.70 charge for cutting, there are no receipts, payroll documents, or other supporting documents. While a fact does not have to be in admissible form for summary judgment purposes, it must be shown that it will be admissible. *See* USCIT R. 56(e). A careful examination of Mr. Fleisher's statement shows it does not stand up on its own. First, it claims the goods were inspected and packed upon "return from *Israel*." *Fleisher Aff.* at ¶ 10. The court assumes this is a mistake and Plaintiff meant to say from China.

Second, he states "we calculated," but does not state upon which documents or numbers he relied, and how much of the costs were incurred by Holford employees or by outside vendors. *Id.* Finally, he states "[t]his was calculated," without saying he was the one who performed the calculations. *Id.* Without supporting documents or clarification of the affirmation, the $0.20 cost would not be admissible, and Holford does not indicate in any way that it has access to the supporting documents.[7]

To support the $2.30-2.60 cost of subassembly by Argaman Industries, Holford offers two pieces of evidence. Holford first offers invoices from Argaman, without any supporting documentation. Holford claims that supporting documents are under the control of Argaman, a third party, and it does not have access to them. However, Holford does not provide any of its own documentation, such as proof of payment or accounting records to confirm the amount paid to Argaman. The second piece of evidence offered is the affirmation of Mr. Fleisher. Mr. Fleisher can state only that the bill was received by Holford Israel, but cannot verify the actual costs. Nor does he provide proof of actual payment; documents that should be in Holford's control.

The last of the five elements Holford is required to establish, with facts admissible into evidence, is that the jeans re-entered the commerce of Israel, after final assembly in China, before being shipped to the United States. While Holford does have a bill of lading[8] from Haifa

---

[7] The government has offered to settle this case if Holford provided a sufficient amount of evidence. While the parties may dispute what is a sufficient quantum of evidence, there is no indication that Holford would be able to produce any additional evidence should this case proceed to trial. *See Def.'s Reply to Pl.'s Response to Def.'s Cross-Mot. for Summ. J.* at 4 n.6.

[8] Exhibit H in Court No. 95-01-00010 and 95-10-01321. Ex. G in Court No. 95-09-01259.

to Newark for the jeans, there is no evidence that the jeans entered Israeli commerce (and therefore met the "shipped from Israel" requirement), other than the Fleisher affirmation. Like many of the other elements of Holford's case, the "directly shipped from Israel" component is supported only by a bald assertion and no supporting documents.

Holford has not come forward with a minimal amount of documentation to establish a claim based on facts that would be admissible. There are serious deficiencies in each element needed to prove duty-free entry. In support of its claims, it offers only conclusory statements of former employees, based on recollection of past events and documents not before the court. Holford has failed to make out a prima facie case supported by facts that would be admissible as required by Rule 56.

## V. CONCLUSION

For the foregoing reasons Plaintiff's Motion for Summary Judgment is denied and Defendant's Motion for Summary Judgment is granted.  The case is dismissed.  Judgment will be entered accordingly.

Dated:_____                    _____
      New York, NY                                              Judith M. Barzilay
                                                    Judge