873 F.2d 38
 13 Fed.R.Serv.3d 632
 Mahmoud FUSTOK, Plaintiff-Appellee,
v.
CONTICOMMODITY SERVICES, INC., ContiCapital Management,
Inc., Continental Grain Company, Walter M. Goldschmidt,
Norton Waltuch, Tom Waldeck and Ivan Auer, Defendants and
Third-Party Plaintiffs-Appellees,
v.
Naji R. NAHAS, Third-Party Defendant-Appellant.
 No. 744, Docket 88-7918.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 8, 1989.
Decided April 19, 1989.
 
 1
 Richard A. Rosen, New York City (Cameron Clark, Mary Jane Case, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, on the brief), for defendant-third-party-plaintiff-appellee ContiCommodity Services, Inc.
 
 
 2
 James D. Zirin, New York City (Breed, Abbott & Morgan, New York City, on the brief), for third-party-defendant-appellant.
 
 
 3
 Before KEARSE and WINTER, Circuit Judges, and SWEET, District Judge.*
 
 SWEET, District Judge:
 
 4
 This is an appeal by third party defendant-appellant Naji R. Nahas ("Nahas") of a decision by the Honorable Morris E. Lasker denying his motion pursuant to Fed.R.Civ.P. 60(b) to set aside an amended default judgment (the "Judgment") against Nahas. 122 F.R.D. 151. Nahas claims that by entering the Judgment, which is based on a settlement between plaintiff Mahmoud Fustok and defendants and third-party plaintiffs-appellees ContiCommodity Services, Inc. ("Conti"), he was deprived of his property without due process of law.
 
 
 5
 Rule 60(b)(4) of the Federal Rules of Civil Procedure provides that a court can relieve a party from a final judgment if the judgment is void, and this court has held that a judgment is void when the court " 'acted in a manner inconsistent with due process of law.' " Otte v. Manufacturers Hanover Commercial Corp., 596 F.2d 1092, 1099 (2d Cir.1979) (quoting 11 Wright & Miller, Federal Practice and Procedure, Sec. 2862 at 198 (1973)). However, there was no violation of Nahas's right to due process in this case.
 
 
 6
 Conti first served Nahas with a third-party complaint for indemnification in 1982 by sending it to him in Brazil and later to his Paris residence. In April, 1984, after Nahas failed to move or answer in timely fashion, Conti served Nahas in Brazil and his New York counsel with a motion for entry of default judgment. Nahas failed to respond. In January, 1985 Conti sent copies of amended pleadings to Nahas in Paris and Brazil and to his New York counsel, and shortly thereafter, Conti served Nahas with a request to produce documents. Again, there was no response. In September, 1985, Judge Lasker entered a default judgment against Nahas, which Nahas never moved to vacate and never appealed.
 
 
 7
 In February, 1986, the case between Fustok and Conti was settled in the midst of trial, and approximately one-third of the settlement was allocated to Nahas. Documents showing the amount of the settlement have been filed under seal. Approximately five months later, Conti moved, on notice to Nahas's New York counsel, for entry of an amended default judgment against Nahas in a precise amount representing the settlement amount plus attorney's fees. Again, neither Nahas nor his counsel appeared to oppose Conti's motion, although his New York counsel twice wrote to the District Judge stating that Nahas opposed the motion. On August 1, 1986, Judge Lasker signed the amended default judgment, which was filed with the clerk on January 7, 1987. For nearly 18 months, Nahas did not seek any type of relief from the judgment.
 
 
 8
 In order to comply with the requirements for enforcing a judgment in Brazil, Conti served its complaint in 1985 on Nahas in Brazil a third time. Nahas fought the validity of the Brazilian service. Only after the Brazilian Supreme Court rendered a decision unanimously homologating the amended default judgment on June 30, 1988 did Nahas appear to the District Court for the Southern District of New York. He sought to vacate the amended default judgment on grounds that his right to due process had been violated because he had not participated in a hearing on the amount of damages, which he claims was required by Rule 55(b)(2) of the Federal Rules of Civil Procedure.
 
 
 9
 We reject this contention on both procedural and substantive grounds. First, Nahas made no serious effort to have the court hold a hearing at which he would participate. Though Nahas had been served with the proposed Judgment and had his counsel send the court a letter which suggested that the court was obligated to hold a hearing into whether the proposed settlement between Fustok and Conti was collusive, Nahas did not indicate that he wished to participate in such a hearing. Indeed, counsel's letter was careful to state that that letter was not to be taken as a general appearance by Nahas.
 
 
 10
 Second, in the circumstances of the present case, Fed.R.Civ.P. 55(b)(2) did not require a hearing devoted exclusively to damages. Rule 55(b)(2) provides in pertinent part:
 
 
 11
 If, in order to enable the court to enter judgment ... it is necessary ... to determine the amount of damages ..., the court may conduct such hearings or order such references as it deems necessary and proper....
 
 
 12
 (Emphasis added). By its terms, 55(b)(2) leaves the decision of whether a hearing is necessary to the discretion of the district court. In this case, the District Judge properly held:
 
 
 13
 [A]lthough the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing. Rather, as was done in this case, the court may rely on detailed affidavits or documentary evidence (here supplemented by the court's personal knowledge of the facts, derived from presiding at trial) to evaluate the proposed sum.
 
 
 14
 While it is true, as Judge Lasker noted, that the damages in this case were neither liquidated nor capable of mathematical calculation, it was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment. Here, the District Court relied upon detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record, gained during four years of involvement with the litigation, including his role as presiding judge at trial. As Judge Lasker held, the nature and value of Fustok's claim were "fully aired" at the trial, and the settlement between Fustok and Conti occurred after Fustok's case in chief had been presented. This provided a sufficient basis from which to evaluate the fairness of the proposed sum.
 
 
 15
 As for the attorney's fees, Judge Lasker explained that the Affidavit of Cameron Clark accompanying the motion for an amended default judgment represented that Conti spent over 42,000 hours defending against this case, nearly one-quarter of which were attributed to defense of the claim arising out of the contracts for which Nahas had agreed to provide indemnity. The hours attributed to the contracts "were estimated at the same percentage of the total hours spent by Conti's attorneys as the percentage that the damages Fustok claimed on that one transaction represent of Fustok's total claimed damages." Judge Lasker found the calculation to be reasonable, stating that:
 
 
 16
 the trial and documents supporting the motion provided a sufficient basis upon which to evaluate the reasonableness of the sum. The extensive hours spent on the case were reasonable, in light of the 4 years from the time which the case was filed until it was settled and the several weeks during which it was tried. Moreover, the court, having heard Fustok's case in chief, could evaluate the propriety of the proportion of the total attorney's fees attributed to the 182 contracts.
 
 
 17
 Based on this record, the District Judge's determination that the attorney's fees were reasonable does not constitute a denial of due process.
 
 
 18
 Thus, Rule 55(b) does not require a hearing on damages in every case. The district judge acted reasonably within his discretion in declining to hold a hearing before fixing damages and denying Nahas's motion. Under these circumstances, there has been no violation of Nahas's right to due process, and the District Court's order denying Nahas's motion to set aside the Judgment is affirmed.
 
 
 
 *
 Honorable Robert W. Sweet, Judge of the United States District Court for the Southern District of New York, sitting by designation