Henry TAMARIN, as Chairman of the Board of Trustees of the Local 100 Vacation Fund, Plaintiff–Appellee,

v.

ADAM CATERERS, INC., Defendant–Appellant.

No. 601, Docket 93–7634.

United States Court of Appeals, Second Circuit.

Argued Nov. 8, 1993.

Decided Dec. 27, 1993.

Ronald Cohen, New York City (Michael K. Benimowitz, of counsel), for appellant.

Joseph E. Gulmi, New York City, for appellee.

Before: CARDAMONE, JACOBS and GOODWIN *, Circuit Judges.

GOODWIN, Circuit Judge:

Adam Caterers, Inc. appeals a summary judgment awarding unpaid ERISA benefit contributions, interest, costs, and fees to the plaintiff trustee of a local union vacation fund, contending that material questions of fact exist which require either trial or further discovery and documentary proof.

* Of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Henry Tamarin, Chairman of the Board of Trustees of the Local 100 Vacation Fund (Hotel Employees and Restaurant Employees, AFL/CIO), sued to compel payment of delinquent contributions as required by a collective bargaining agreement. The terms of the agreement were not disputed, nor was the fact that a demand had been made upon Adam Caterers for payment and for payroll records.

The plaintiff filed an affidavit and an accountant's report based upon a fragmentary record of the number of employees covered by the bargaining agreement and the hours the plaintiff said they had worked. Adam Caterers denied the accuracy of the plaintiff's affidavit and accounting summary, but failed to provide its own records to dispute specific items of the claim.

The court took at face value the accountant's projection of the amount of the alleged underpayment on the theory that the defendant had both the opportunity and the duty to produce complete business records, and that in the absence of complete records, the plaintiff's accounting projections were entitled to the benefit of the doubt. After argument and further suggestions from the court that Adam Caterers had not made a factual response to the claim, the court entered a judgment for Tamarin in the amount of principal and interest, collection costs and fees pursuant to the terms of the collective bargaining agreement and the payroll review submitted by plaintiff.

█ Adam Caterers, Inc. had denied in its affidavit that all the workers listed by the plaintiff were covered employees, or that all the workers actually were sent out on the jobs alleged by the plaintiff, but failed to state specifically which employees were listed in error. The only substantial issue on appeal is whether the trial court correctly treated the defendant's answering affidavit as inadequate to forestall summary judgment.

█ The district court first overruled Adam Caterers' objection that the accountant's payroll review is inadmissible summary evidence pursuant to Fed.R.Civ.P. 56(e) and Fed.R.Evid. 1004.[1] We find no error in this ruling. While the accountant's report no doubt could survive objection on evidentiary grounds at a trial, after a proper foundation and showing of the purpose for which it was offered, we have some reservations whether the document was, at the time it was offered, sufficiently probative to carry the plaintiff's case to summary judgment.

The trial judge correctly expected Adam Caterers to come forward, after having been timely served with the report, and offer some explanation that would account for the shortfall in contributions. Those portions of the accountant's report of the shortfall that related to employees who were unquestionably covered by the bargaining agreement could not reasonably be challenged. They therefore at least supported a finding that substantial sums were delinquent. Those portions of the accounting report that were based upon extrapolation from known facts had the usual shortcomings of inadequate facts. But the affidavit and accounting report at least shifted to the defense the burden of making a sufficient answer to show what material questions remained for trial. The so-called affidavit that the defense filed was virtually a repetition of the general denial in the answer.

State and federal tax regulations as well as the collective bargaining agreement required the employer to keep and furnish, when appropriate, employment records. Where records are incomplete, whether for good cause, or unknown cause, the burden of explaining the reason for the records not being available should fall, as the trial judge indicated in his memorandum, upon the party who has the legal and contractual duty to provide the records, and who is in a better position than his adversary to keep and vouch for the accuracy of such records.

1. Adam Caterers' brief states that the payroll report is not admissible into evidence under Fed. R.Evid. 1004. Rule 1004 concerns the admissibility of other evidence when the original evidence is not available. The rule specifically governing the admission of summary documents into evidence is Fed.R.Evid. 1006.

Adam Caterers is a small employer, and may indeed have encountered some difficulty in reconstructing time and payroll records that it had failed to keep. However, when Adam Caterers simply rested on its pleadings, it failed to meet its burden of showing "specific facts" evidencing the need for trial. *See, e.g., Cumberland Oil v. Thropp,* 791 F.2d 1037, 1043 (2d Cir.), *cert. denied,* 479 U.S. 950, 107 S.Ct. 436, 93 L.Ed.2d 385 (1986).

Adam Caterers' claim that Tamarin did not meet his burden under *Daubert v. Merrell Dow Pharmaceuticals,* —— U.S. ——, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), by establishing the credentials of Peter Levin, the accountant who prepared the payroll review, is not supportable, as that case specifically dealt with the admissibility of scientific evidence. Payroll records are straightforward lists of names and hours worked. If a particular worker is not covered by the bargaining agreement because of a position in management or for some other reason, it is reasonable to expect the employer to bring forth the correct information in his possession.

■ Summary evidence is admissible as long as the underlying documents also constitute admissible evidence and are made available to the adverse party. Fed.R.Evid. 1006; *United States v. Conlin,* 551 F.2d 534, 538 (2d Cir.), *cert. denied,* 434 U.S. 831, 98 S.Ct. 114, 54 L.Ed.2d 91 (1977); *see also Martin v. Funtime, Inc.,* 963 F.2d 110, 116 (6th Cir. 1992) (any hearsay problem regarding summary evidence is satisfied by concluding that the underlying records themselves are admissible); *United States v. Johnson,* 594 F.2d 1253 (9th Cir.), *cert. denied,* 444 U.S. 964, 100 S.Ct. 451, 62 L.Ed.2d 376 (1979); *Case & Co., Inc. v. Board of Trade of City of Chicago,* 523 F.2d 355 (7th Cir.1975).

Here, the underlying documents—the payroll records of Adam Caterers—would have been admissible under the business records exception to the hearsay rule, Fed.R.Evid. 803(6). *See Saks Intern, Inc. v. M/V Export Champion,* 817 F.2d 1011 (2d Cir.1987). Adam Caterers' payroll records, to the extent that they were kept, would have been available to the defense for use during discovery, and when their nonproduction was unexplained, that default permitted the plaintiff's version of the records to carry the day.

We do not suggest that a district judge should proceed "without regard to the technical rules of evidence," *see Greycas, Inc. v. Proud,* 826 F.2d 1560 (7th Cir.1987), *cert. denied,* 484 U.S. 1043, 108 S.Ct. 775, 98 L.Ed.2d 862 (1988), in considering a motion for summary judgment. Such a notion goes against the precedent of this Circuit. *United States v. Alessi,* 599 F.2d 513, 515 (2d Cir. 1979); *see also Camporeale v. Airborne Freight Corp.,* 732 F.Supp. 358, 364 (E.D.N.Y.), *aff'd,* 923 F.2d 842 (2d Cir.1990) (a court, in reviewing a motion for summary judgment, may consider only facts that would be admissible at trial). But, in this case, the trial court properly had before it admissible portions of the payroll review (*i.e.,* there was no genuine issue regarding the material fact that Adam Caterers was delinquent in making its contractually required payments into the Local 100 Vacation Fund).

■ Accordingly, the only issue Adam Caterers could have raised in opposing summary judgment relates to the inclusion of particular employees, or to the dollar amounts of the shortfall as to individual employees. Adam Caterers, without making any showing of its own, demonstrates that Tamarin's figures are problematic. The estimates contained in the payroll review were at best undocumented, and at worst, speculative. This state of affairs strongly suggests that some kind of a hearing might have been necessary to establish the amount of the claim that could be liquidated. Nonetheless, unless there was error in the failure to conduct a hearing on damages, either before the court or before a magistrate judge, summary judgment is invulnerable on this record.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that on the matter of damages "the court may conduct such hearings or order such references as it deems necessary and proper." The rule "allows but does not require the district judge to conduct a hearing." *Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 508 (2d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1763, 118 L.Ed.2d 425 (1992) (citing *Fustok v. Conti-*

*Commodity Services, Inc.,* 873 F.2d 38, 40 (2d Cir.1989)). In *Fustok v. ContiCommodity Services, Inc.,* this Circuit held that it was not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had "relied upon detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record, gained during four years of involvement with the litigation" in making its determination. *Fustok,* 873 F.2d at 40; *accord Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d at 508 (no need to hold inquest on damages after default judgment had been entered where district judge was inundated with affidavits, evidence and oral presentations by opposing counsel).

Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages. Unlike the wealth of evidence made available to the judges in *Fustok* and *Marc Rich & Co.,* however, here the court determined damages with the aid of a single affidavit only partially based upon real numbers.

Although we do not find that the district court abused its discretion in refusing to conduct a hearing on damages, as can be seen from the above, we remain troubled with respect to the basis upon which the damage award was reached. Our concern is whether Adam Caterers' failure to produce competing facts and figures should have resulted in the heavy judgment against it. In light of this concern, we believe the best course is to afford Adam Caterers another opportunity to produce those facts sufficient to persuade the district court that the reduction it seeks in the damage award is not *de minimis.* If so, the district court may, if it is so advised, either hold a hearing on the issue or refer this matter to a magistrate judge for the calculation of damages. We remand this case to the district court for that limited purpose.

If Adam Caterers fails to persuade the district court that it should itself hold a hearing or direct a reference, the amount of damages originally ordered is affirmed.