Cement and Concrete Workers v. Metro Foundation Contractors Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2011

(Submitted: March 28, 2012          Decided: October 25, 2012)

Docket No. 11-1214

_____

CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, EDUCATION AND TRAINING FUND and OTHER
FUNDS, ALFRED G. GEROSA, in his fiduciary capacity as Trustee of the Cement and
Concrete Workers District Council Welfare Fund, Pension Fund and Annuity Fund, PENSION
FUND and ANNUITY FUND, ALEXANDER J. CASTALDI, as PRESIDENT OF THE
CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL and in his fiduciary capacity
as TRUSTEE OF THE EDUCATION AND TRAINING FUND,

*Plaintiffs-Appellees,*

v.

METRO FOUNDATION CONTRACTORS INC.,

*Defendant-Appellant*.

_____

Before: WALKER, STRAUB, and POOLER, *Circuit Judges*.

Appeal from United States District Court for the Eastern District of New York (Frederic

Block, *J*.) awarding plaintiffs, various employee benefit funds, $26,328.11 in unpaid

contributions, liquidated damages, and costs.  Defendant-Appellant Metro Foundation

Contractors Inc. argues that the district court erred in awarding damages based on the alternative

method of calculating employer contributions set out in the collective bargaining agreement,

because it runs afoul of the requirement that default damages be calculated with reasonable certainty. We disagree.

Affirmed.

———————————

BRYAN HA, New York, NY, *for Defendant-Appellant Metro Foundation Contractors, Inc.*

JOSEPH KAMING, Kaming & Kaming, New York, NY, *for Plaintiffs-Appellants Cement and Concrete Workers District Council Welfare Fund, Pension Fund, Annuity Fund, Education and Training Fund and other Funds, Alfred G. Gerosa, in his fiduciary capacity as Trustee of the Cement and Concrete Workers District Council Welfare Fund, Pension Fund and Annuity Fund, Alexander Castaldi, as President of the Cement and Concrete workers District Council and in his fiduciary capacity as a Trustee of the Education and Training Fund.*

POOLER, *Circuit Judge:*

Plaintiffs — related employee benefit funds — sued Metro Foundation Contractors Inc. ("Metro") to recover contributions owed pursuant to the Employer Retirement Income Security Act of 1974 ("ERISA"). When Metro refused to produce the necessary records to compute the amount of delinquent contributions owed, plaintiffs utilized an alternate method of calculation set forth in the collective bargaining agreement ("CBA") between the parties. The district court awarded plaintiffs $26,328.11 in unpaid contributions, liquidated damages and costs, based on the alternate method of calculating delinquent contributions. Metro challenges the damages award, arguing the method set forth in the CBA results in an impermissibly speculative damages award. We disagree, and hold that parties are free to agree to an alternate method of calculating damages without offending the requirement that damages be proven with "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

2

# BACKGROUND

Plaintiffs-Appellees — the Cement and Concrete Workers District Council Welfare Fund, Pension Fund, Annuity Fund, Education and Training Fund and other Funds, Alfred G. Gerosa, in his fiduciary capacity as Trustee of the Cement and Concrete Workers District Council Welfare Fund, Pension Fund and Annuity Fund, Alexander Castaldi, as President of the Cement and Concrete Workers District Council and in his fiduciary capacity (together, the "Funds") filed a complaint in the United States District Court for the Eastern District of New York on November 13, 2008, seeking recovery of unpaid benefit contributions, statutory and contractual damages, attorneys' fees, costs and interest from Metro. The Funds also sought an order permitting the Funds to audit Metro's books. After Metro failed to enter an appearance, the Funds moved for a default judgment, which was entered on March 4, 2010. The district court referred the matter to Magistrate Judge Andrew Gold to determine damages.

Numerous unsuccessful attempts were made by plaintiffs to secure an audit of Metro's books and records. Without access to Metro's books, the Funds eventually submitted a claim for damages based on provisions in the CBA between the parties that set forth an alternate measure of calculating benefit contributions in the event the employer refused to provide access to its books and records:

> In the event, after the Trustees have made a reasonable request, the Employer fails to produce its books and records necessary for a proper audit, the Trustees, in their sole discretion, may determine that the Employer's weekly hours subject to the contributions for each month of the requested audit period are the highest number of Employee hours for any month during the twelve (12) preceding months audited, or paid, or during the last twelve (12) months for which reports were filed, whichever monthly number of hours is greater.

3

Using the records for April 2008, the Funds calculated that Metro owed $21,615.09 in delinquent contributions for May and June 2008. The CBA also provided for interest at the rate of 18 percent per annum on unpaid contributions and for liquidated damages in the amount of 20 percent of the unpaid contributions. CBA Art. XI, Section 10(f). The magistrate recommended awarding both, for additional damages of $4,232.02. Finally, the magistrate recommended that Metro pay the Funds' attorneys' fees and costs, in accordance with ERISA.

Metro objected to the magistrate's report and recommendation on two grounds: (1) the amount of unpaid contributions claimed was "clearly erroneous" because the Funds failed to provide proper evidentiary support for their request; and (2) the Funds failed to support their request for attorneys' fees with contemporaneous time records. The district court found the auditor's affidavit calculating damages in accordance with the CBA adequate to establish damages. However, it determined the affidavit submitted in support of the Funds' application for attorneys' fees lacked any indication that the request was based on contemporaneously kept time records, and struck the proposed award of attorneys' fees.

Metro appealed from the award of damages, however, the Funds took no appeal from the denial of attorneys' fees.

**ANALYSIS**

When a party moves for a default judgment, Rule 55(b) of the Federal Rules of Civil Procedure permits a district court to "conduct hearings or make referrals" in order to, among other things, "determine the amount of damages[,] establish the truth of any allegation by evidence[,] or investigate any other matter." Fed. R. Civ. P. 55(b)(2)(B)-(D). "Rule 55(b) commits this decision to the sound discretion of the district court." *Finkel v. Romanowicz*, 577

4

F.3d 79, 88 (2d Cir. 2009)  We therefore review the District Court's decision for abuse of discretion.  *See In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, . . . or rendered a decision that cannot be located within the range of permissible decisions." (internal quotation marks and citations omitted)).

ERISA provides that

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  Metro defaulted as to the liability for unpaid contributions to the Funds for May and June 2008.  However, it is well established that "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).  Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed.  *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).  There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* Fed. R. Civ. P. 55(b)(2); *Fustok*, 873 F.2d at 40.  While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory. *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).  Together, "Rule 55(b)(2) and relevant case law give

5

district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages." *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993).

In *Tamarin*, employer Adam Caterers failed to make required payments to a benefits fund governed by ERISA. The fund sued to compel payment of the delinquent contributions, and eventually moved for summary judgment. In support of its motion, the plaintiff "filed an affidavit and an accountant's report based upon a fragmentary record of the number of employees covered by the bargaining agreement and the hours the plaintiff said they had worked." *Id.* at 52. Adam Caterers argued that plaintiffs' submissions were inaccurate, but put in no records of its own to support its claims. *Id.* The district court entered judgment for plaintiff, with damages as set forth in the accountant's affidavit. *Id.*

We reversed, finding that "[t]he estimates contained in the payroll review were at best undocumented, and at worst, speculative." *Tamarin*, 13 F.3d at 53. While we found the district court did not abuse its discretion in refusing to hold a hearing on damages, we

> remain[ed] troubled with respect to the basis upon which the damage award was reached. Our concern is whether Adam Caterers failure to produce competing facts and figures should have resulted in the heavy judgment against it. In light of this concern, we believe the best course is to afford Adam Caterers another opportunity to produce those facts sufficient to persuade the district court that the reduction it seeks in the damage award is not *de minimis*. If so, the district court may, if it is so advised, either hold a hearing on the issue or refer this matter to a magistrate judge for the calculation of damages. We remand this case to the district court for that limited purpose.

*Id.* at 54. Critically, however, we concluded that "[i]f Adam Caterers fails to persuade the district court that it should itself hold a hearing or direct a reference, the amount of damages originally ordered is affirmed." *Id.*

6

Metro argues the accountant's affidavit provided by the Funds containing figures extrapolated from time records is no different from the one submitted by plaintiffs in *Tamarin*, and requires the damages award here be stricken. We disagree. This case differs from *Tamarin* in two critical respects. First, in *Tamarin*, the calculations were based on a "fragmentary record of the number of employees covered by the bargaining agreement and the hours the plaintiff said they had worked." 13 F.3d at 52. Here, the accountant's affidavit calculated the delinquent contributions due based on the hours and payments reported by Metro for April 2008. Second — and dispositively — the amounts here were calculated in accordance with the CBA provision detailing how the amounts owed were to be calculated in the event Metro failed to produce its books and records. Metro casts this calculation as a "projection." It is not. It is an alternate calculation of damages made in accordance with the agreement between the parties

In *La Barbera v. J.D. Collyer Equip. Corp.*, 337 F.3d 132 (2d Cir. 2003), we implicitly endorsed the proposition that a CBA could present an alternate method for calculating contribution amounts when an employer fails to provide the relevant records. There, the primary issue before the court involved a rule adopted by the Trustees of a union local's benefit fund used to calculate the amounts owed to benefit funds where the owner or close family member of the owner works as an employee. In analyzing that rule, we noted in dicta that the CBA

> Article VI, § 1(d) . . . gives the Trustees authority to determine contributions when an employer fails to present adequate records by adding 10% to the largest number of hours reported in any of the last 12 months. Where there are no records available for that determination, the Trustees are empowered to deem that employees have worked 40 hours per week for the period in question.

337 F.3d at 137. We now explicitly adopt the rule that the parties to a CBA may set forth in the

7

agreement an alternate method of calculating contributions owed in the event the employer fails to comply with its contractual duty to provide its books and records without running afoul of the requirement that damages be calculated with "reasonable certainty." *Credit Lyonnais,* 183 F.3d at 155.

We have examined the remainder of the arguments made by the parties and find them without merit.  Each side shall bear its own costs.

## CONCLUSION

For the reasons given above, we affirm.