14-4251-cv
*McLean v. Wayside Outreach Development*


UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fifteen.

Present:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

---

SELVYN MCLEAN,

> *Plaintiff-Appellee*,

v.                                                        No. 14-4251-cv

WAYSIDE OUTREACH DEVELOPMENT INC.,

> *Defendant-Appellant*.

---

For Plaintiff-Appellee:      JOEL MARTIN GLUCK, Esq., Attorney, 80 Livingston Street, Brooklyn, NY.

For Defendant-Appellant:    REGINA FELTON, Esq., Felton & Associates, 2nd Floor, 1371 Fulton Street, Brooklyn, NY.

---

1

Appeal from a final judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Wayside Outreach Development Inc. ("Wayside") appeals from an October 16, 2014 final default judgment entered in the United States District Court for the Eastern District of New York. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. For the reasons stated below, we affirm.

Wayside argues that the plaintiff's failure to file an affidavit of service renders the default judgment ineffective. "[P]roof of service must be made to the court . . . . by the server's affidavit." Fed. R. Civ. Pro. 4(*l*)(1). But "[f]ailure to prove service does not affect the validity of service," and the court may "permit proof of service to be amended." Fed. R. Civ. Pro. 4(*l*)(3). Here, although the plaintiff's proof of service did not conform to the rule—because it did not include the server's affidavit—this defect did not prejudice Wayside. Wayside does not dispute that the New York Secretary of State—as Wayside's designated agent—was properly served and that Wayside was aware of the summons and complaint as of the November 26, 2013 pretrial conference well before it was required to answer the complaint. *See* CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1130 (4th ed. 2015) ("Except when the return is necessary to determine whether service actually was made . . . there is little reason to take action . . . ."). Wayside did not sufficiently argue this point below, and its argument is therefore waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117–18 (2d Cir. 1998).

We now address the district court's denial of Wayside's motion to set aside the default. Although we have a "strong preference for resolving disputes on the merits," *N.Y. v. Green*, 420

F.3d 99, 104 (2d Cir. 2005) (internal quotations omitted), a decision whether to set aside a default is a decision left to the sound discretion of the district court because "it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). A district court may set aside an entry of default for "good cause." Fed. R. Civ. Pro. 55(c). When deciding whether there is good cause to set aside a default, the court looks to "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Diakuhara*, 10 F.3d at 96.

Wayside evinced a willful default by failing to appear at the December 13, 2013 pretrial conference after its representatives were informed on November 26 that it needed to do so, and by waiting three months to retain counsel and over two more months to petition the court to set aside the default. *See Powerserve Intern., Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991). At the August 21, 2014 conference, Wayside argued that it had a meritorious defense because the plaintiff was an at-will employee who could be fired for any reason. This argument fails because it is no defense at all. *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001). To the extent that Wayside argued—in its May 9, 2014 letter to the district court and now argues to this Court on appeal— that it had a legitimate non-discriminatory reason for terminating the plaintiff's employment, *see Sam's Club*, 145 F.3d at 120 (2d Cir. 1998), we find that this defense is without merit because it is made only in conclusory terms and is not accompanied by any supporting evidence, *see Pecarsky*, 249 F.3d at 173 (explaining that "a defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense"); *see also Diakuhara*,

10 F.3d at 98 (finding a meritorious defense when accompanied by supporting affidavits). The district court did not abuse its discretion when it declined to set aside the default.

We now turn to the district court's decision to award damages without holding an evidentiary hearing. "[Fed. R. Civ. Pro. 55(b)(2)] provides that on the matter of damages the court may conduct such hearings or order such references as it deems necessary and proper." *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 53 (2d Cir. 1993) (internal quotation omitted). This rule "allows but does not require the district judge to conduct a hearing . . . . [and] give[s] district judges much discretion in determining when it is necessary and proper to hold an inquest on damages." *Id.* at 54 (internal quotation marks omitted). Even when "the [district] court determined damages with the aid of a single affidavit only partially based upon real numbers," we have not found an abuse of discretion in the district court's failure to hold an evidentiary hearing. *Id.* The district court here did not abuse its discretion when it declined to hold an evidentiary hearing and instead accepted the amount of damages submitted by the plaintiff.

We have considered Wayside's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4