12-2531-cv
United States v. Chesir

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand thirteen.

PRESENT: CHESTER J. STRAUB,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.                                             No. 12-2531-cv

PACE CHESIR,
*Defendant-Appellant.*

------------------------------------------------------------------------

APPEARING FOR APPELLANT: ROGER BENNET ADLER, Esq., New York, New York.

APPEARING FOR APPELLEE: ROBERT J. BRANMAN (Loretta Lynch, United States Attorney for the Eastern District of New York, of Counsel, Jonathan S. Cohen, Attorney, *on the brief*), Attorney, Tax Division, *for* Kathryn Keneally, Assistant Attorney General, U.S. Department of Justice, Washington, D.C.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 3, 2011, is AFFIRMED.

Defendant Pace Chesir, a certified public accountant, appeals from the denial of his motion to vacate a default judgment entered against him, see Fed. R. Civ. P. 60(b), which in turn led to an order authorizing the sale of his primary residence to satisfy a lien arising from his alleged underpayment of income taxes from 1990 to 1994 and from 1996 to 1997.[1] We review the contested denial for abuse of discretion, and we will uphold the denial unless it is based on an error of law or clearly erroneous factfinding. See Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011). In evaluating the refusal to vacate a default judgment, we look to the same criteria that guided the district court's determination: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998); see also State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 168 (2d Cir. 2004) (reiterating that these criteria "should be construed generously" in favor of party

---

[1] Although the operative Notice of Appeal lists the order approving the property sale among the rulings from which Chesir appeals, he offers no argument as to why that particular ruling is wrong. Thus, we deem abandoned any independent challenge to the sale authorization, see Jackler v. Byrne, 658 F.3d 225, 233 (2d Cir. 2011), and address only Chesir's appeal from the denial of his motion to vacate the default judgment.

2

seeking relief from judgment (internal quotation marks omitted)).  We assume the parties'

familiarity with the facts and record of prior proceedings, which we reference only as

necessary to explain our decision to affirm.

1.    Willfulness

Chesir maintains that the district court erred in finding that his default was willful.

He contends that, since the death of his wife over a decade ago, he has been "enmeshed in

the throes of a deep 'emotional fog'" that has prevented him from "address[ing] his tax issues

in a straightforward manner."  Appellant's Br. 12.  In support, Chesir submitted an affidavit

from a psychiatrist, whom Chesir first consulted after the challenged default judgment was

entered and only weeks before he requested vacatur.  The psychiatrist tentatively diagnosed

Chesir with dysthymic disorder, a mild form of depression, based on Chesir's complaints of

a "long-standing problem of severe and persistent procrastination."  Singer Aff. ¶¶ 2–3, J.A.

142–43.  Giving due weight to this tentative diagnosis, the district court nevertheless found

Chesir's default to have been deliberate based on evidence of his meeting other life demands

during the pendency of the litigation.  Far from being clearly erroneous, this finding is

persuasively supported by the record, which shows, inter alia, Chesir's ability to file timely

tax returns for his accounting clients, to comply with an Internal Revenue Service ("IRS")

subpoena in time to avoid a civil contempt fine, to send a letter request for leniency to

opposing counsel on the day before his answer to the complaint was due,[2] and to commence

---

[2] In this letter, Chesir conceded that he did not file the required tax returns for most
of the period from 1990 through 1997, attributed any underpayments to unreported gains

3

a Chapter 13 bankruptcy case after the district court approved the sale of his residence in an effort (ultimately unsuccessful) to have the bankruptcy automatic stay halt the foreclosure.

On such a record, the district court acted within its discretion in finding that Chesir's four-year delay in defending against the instant suit, despite repeated notice of court deadlines and conferences, was tactical and not excusable. See American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) (noting default judgment's primary goal of shielding parties from "harassment" and "undue delay" (internal quotation marks omitted)). Accordingly, we identify no error in the district court's willfulness finding.

2.      Meritorious Defense

While the district court's identification of willfulness would, by itself, support its refusal to vacate the challenged default judgment, see Bobrow Greenapple & Skolnik v. Woods, 865 F.2d 43, 44 (2d Cir. 1989), we identify no abuse of discretion in its determination that Chesir also failed to satisfy the other two criteria for vacatur.

As the district court correctly observed, Chesir's partial tax payments in April 2012, based on his own revised calculations of his income during the relevant period, do little to rebut the "presumption of correctness" afforded IRS deficiency calculations. Moretti v.

_____

from stock transactions by his wife, and promised to begin filing the delinquent returns by the next month's end. Upon the letter's receipt, Chesir was called by IRS counsel, who later testified, based on his contemporaneous notes, that he advised Chesir to file an answer or to seek an extension and recommended that Chesir retain an attorney, even though one was not required. The district court acted well within its discretion in crediting this testimony and rejecting Chesir's effort to claim that the conversation led him to conclude that any response to the complaint "would be futile." Chesir Aff. ¶ 6, J.A. 546.

Comm'r, 77 F.3d 637, 643 (2d Cir. 1996) (internal quotation marks omitted). Nor are they "evidence of facts that, if proven at trial, would constitute a complete defense" to the claimed underpayments. State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d at 167 (emphasis added); see also American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d at 61 (defining meritorious defense to defaulted suit as one that, at a minimum, "give[s] the factfinder some determination to make" (internal quotation marks omitted)). While Chesir disputes that bank deposits during the taxable period establish hidden income, he neither denies that the deposited sums far exceeded his contemporaneously declared income nor attempts to explain from where the funds in the challenged deposits derived or why they are not taxable.[3]

On this record, the district court did not clearly err in concluding that Chesir failed to present a meritorious defense to the alleged tax delinquencies.

3.    Prejudice

The district court similarly did not abuse its discretion in finding that vacatur would prejudice the United States. In addition to failing for decades to declare and pay taxes, Chesir indisputably waited to appear in these proceedings until 42 months after service of the complaint, 26 months after the clerk entered his default, and 8 months after entry of the default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993) (noting

---

[3] Insofar as Chesir takes issue with opening and closing stock prices submitted by the United States pertaining to certain securities trades referenced in Chesir's updated tax returns, those transactions formed no basis of the challenged denial of vacatur and thus are irrelevant for purposes of this appeal.

that "equitable factors" may be considered in deciding whether to vacate default judgment); see also United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 256 (2d Cir. 2004) (holding in another context that prejudice may be presumed from "lengthy and inexcusable" delay). Such delay made it more difficult for the United States to reconstruct financial transactions occurring decades earlier. Insofar as Chesir notes that pertinent "bank deposit records became unavailable years prior to the filing of the complaint," Appellant's Br. 21 (emphasis in original), that fact only underscores, rather than undermines, how Chesir's own dilatory conduct would prejudice the United States if vacatur were granted. Chesir's complaint that the United States waited over 10 years to institute this action rings hollow in light of his persistent stonewalling of the IRS's attempts, beginning in 1997, to ascertain his tax liability.

The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6