**UNITED STATES of America,
Plaintiff,**

v.

**Daniel MYERS, Defendant.**

**15–cv–7046 (ADS)(SIL)**

United States District Court,
E.D. New York.

Signed February 22, 2017

U.S. Department of Justice, Tax Division, Attorneys for the Government, P.O. Box 55, Ben Franklin Station, Washington, DC 20044 By: Steven M. Dean, Esq.

Daniel Myers, The Defendant

## Order

SPATT, District Judge:

On December 10, 2015, the Government commenced this tax liability action pursuant to 26 U.S.C. § 7401 *et seq.* to recover a monetary judgment of $2,757,788.64 against the Defendant Daniel Myers, allegedly representing unpaid federal income

taxes for the income tax years 2002 through 2008 and 2010 through 2013.

On January 11, 2015, the Government filed an amended complaint, which broadened the relevant time period to include tax years 1999 through 2002, and increasing the total amount of allegedly unpaid taxes to $2,822,642.45.

On February 24, 2016, the Clerk of the Court noted the Defendant's default.

On April 22, 2016, the Government filed a motion for a default judgment, which was subsequently referred to United States Magistrate Judge Steven I. Locke for a report and recommendation.

On February 2, 2017, Judge Locke issued a Report and Recommendation ("R & R"), recommending that the motion for a default judgment be granted, and that damages be awarded in the amount of $2,841,219.80, plus interest from March 23, 2016 to the date judgment is entered.

On February 6, 2017, the Government filed proof of service of a copy of the R & R on the Defendant. More than fourteen days have elapsed, and the Defendant has failed to file an objection or request an extension of time to do so. Therefore, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the R & R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the February 2, 2017 Report and Recommendation is adopted in its entirety, and the Government's motion seeking the entry of default judgment against the Defendant Daniel Myers is granted.

The Clerk of the Court is respectfully directed to enter judgment in accordance with this Order, and to close this case.

It is **SO ORDERED:**

## REPORT AND RECOMMENDATION

LOCKE, Magistrate Judge:

### I. PRELIMINARY STATEMENT

Plaintiff, United States of America (the "Government"), commenced this action pursuant to 26 U.S.C. §§ 7401 and 7402 to recover unpaid tax liabilities from defendant Daniel Myers ("Defendant" or "Myers") for tax years 2002 through 2013. *See* Docket Entry ("DE") [1]. The Government subsequently filed an Amended Complaint with the same essential allegations, but encompassing a time period running from 1999 through 2013. *See* Amended Complaint ("Compl."), DE [7], at ¶¶ 3–5. The Defendant has not filed an Answer nor responded in any way to the Amended Complaint. The Government has moved for a default judgment against Defendant. Motion for Default Judgment ("Pl. Mot."), DE [11]. District Judge Arthur D. Spatt referred the Government's motion to this Court for a Report and Recommendation as to whether the motion should be granted, and, if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded. Based upon the information submitted by the Government and for the reasons stated below, the Court respectfully recommends that a default judgment be entered in favor of the Government in the amount of $2,841,219.80, plus prejudgment interest.

### II. BACKGROUND

The Government filed the Amended Complaint on January 11, 2016 with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General of the United States, as required under 26 U.S.C. § 7401. *See* Compl. According to the Government, Defendant failed to pay his full federal tax liabilities for the reporting period running from 1999 through 2013. *Id.* at ¶ 3. Therefore, Defendant was assessed

for the unpaid taxes, penalties, and interest, totaling $2,822,642.45 as of January 11, 2016. Compl. at ¶ 5. The Amended Complaint sets forth a chart of the assessments made for each year at issue. *Id.* at ¶ 3. On or about the date of each assessment, a delegate from the Secretary of the Treasury gave notice to the Defendant and made a demand for payment. *See* Compl. at ¶¶ 3–4. Despite these notices and demands, Myers has failed, neglected, or refused to pay the alleged federal income tax liabilities at issue. *See id.* at ¶ 5.

Defendant has never responded to the Amended Complaint in any way. On April 22, 2016, the Government moved for entry of a default judgment against Myers. *See* Pl.'s Mot., DE [11]. The Government now seeks damages in the sum of $2,841,219.80, which represents Myers outstanding tax obligation, including interest and other fees, running through March 23, 2016. *See* Pl.'s Mot. at ¶ 5. Despite having been served with the Government's motion, *see* Certificate of Service, DE [11] at 3, Defendant has not responded.

### III. LEGAL STANDARD

■ "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk's certificate of default is issued, the moving party may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b), as the Government has done here. *See Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95–96 (2d Cir. 1993); *Millennium TGA, Inc. v. Leon,* No. 12-CV-01360, 2013 WL 5719079, at *3 (E.D.N.Y. Oct. 18, 2013); *Korsunsky v. North Star Found., Inc.,* No. 10-CV-3241, 2013 WL 5656197, at *3 (E.D.N.Y. Oct. 15, 2013); *Fashiontv.com v. Hew,* No. 06-CV-

3200, 2007 WL 2363694, at *2 (S.D.N.Y. Aug. 17, 2007). A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true. *Gurung v. Malhotra,* 279 F.R.D. 215, 221 (S.D.N.Y. 2011); *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.,* No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied,* 506 U.S. 1080, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993)). A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Garden City Boxing Club, Inc. v. Morales,* No. 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing *Bambu Sales, Inc. v. Ozak Trading, Inc.,* 58 F.3d 849, 854 (2d Cir. 1995)).

■ The determination of a motion for default judgment is left to the sound discretion of the district court. *Shah v. N.Y. State Dep't of Civil Serv.,* 168 F.3d 610, 615 (2d Cir. 1999); *Merrill Lynch Bus. Fin. Servs., Inc. v. Brook–Island,* No. 06 CV 5912, 2010 WL 2787553, at *3 (E.D.N.Y. July 14, 2010). As the Second Circuit notes, when determining whether to grant a default judgment, the Court is guided by the same factors that apply to a motion to set aside entry of a default. *See Pecarsky v. Galaxiworld.com Ltd.,* 249 F.3d 167, 170–171 (2d Cir. 2001); *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993). These factors are: (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.,*

No. 02 Civ. 9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (citation omitted).

## IV. DISCUSSION

### A. Default Judgment

The Court considers the three factors necessary for the entry of a default judgment as applied to the circumstances of this case.

#### 1. Willfulness

■ As to the first factor, Defendant's failure to appear, failure to respond to the Amended Complaint, and failure to respond to the instant motion sufficiently demonstrate willfulness. *See S.E.C. v. McNulty*, 137 F.3d 732, 738–39 (2d Cir. 1998) (unexplained failure to respond to complaint indicates willfulness); *Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding defendants' failure to appear, failure to respond to the complaint and failure to respond to a motion for default judgment indicates willful conduct); *U.S. v. DiPaolo*, 466 F.Supp.2d 476, 482 (S.D.N.Y. 2006) (grounds for default judgment were established by defendant's failure to answer the complaint, particularly in light of the fact that the defendant had expressed no intention to do so at a later time).

The Government has filed an affidavit of service with the Clerk of the Court demonstrating that the Summons and Amended Complaint were properly served upon the Defendant. *See* DE [8]. Myers never answered nor responded in any way to the Amended Complaint, nor did Defendant request an extension of time to respond. The Government has also submitted an affidavit of service for the motion for default judgment. *See* Pl. Mot. at 3. The instant motion was mailed to 340 Ocean Ave., Lawrence, New York, 11559, the same address where Myers was served with the Summons and Amended Complaint. *Compare id. with* DE [8]. Defendant has not responded to the Government's motion for default judgment nor appeared in any way in this action. Defendant's failure to answer the Amended Complaint and to respond to the instant motion demonstrates willfulness under existing case law. *See McNulty*, 137 F.3d at 738; *see also Indymac Bank*, 2007 WL 4468652, at *1; *U.S. v. DiPaolo*, 466 F.Supp.2d at 482.

#### 2. Meritorious Defenses

■ Next, the Court must consider whether Defendant has a meritorious defense. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (quoting *Anilina Fabrique de Colorants v. Aakash Chems. & Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988)) (internal quotation marks omitted); *Ainbinder v. Money Center Fin. Grp., Inc.*, No. 10-CV-5270, 2014 WL 294162, at *7 (E.D.N.Y. Jan. 23, 2014). While a defendant need not establish his defense conclusively, he must "present evidence of facts that, if proven at trial, would constitute a complete defense." *McNulty*, 137 F.3d at 740 (citations omitted) (internal quotation marks omitted).

■ Further, where a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which weighs in favor of granting a default judgment. *See Empire State Carpenters Welfare v. Darken Architectural Wood*, No. 11-CV-46, 2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012); *Mack Fin. Servs. v. Poczatek*, No. CV-10-3799, 2011 WL 4628695, at *4 (E.D.N.Y. Aug. 30, 2011). Where a defendant has presented no defense to the court, the allegations in a plaintiff's complaint are

deemed admitted. *See Indymac Bank,* 2007 WL 4468652, at *1; *Chen v. Jenna Lane, Inc.,* 30 F.Supp.2d 622, 623 (S.D.N.Y. 1998) ("Where ... the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal citations omitted). Defendant here has not interposed an answer or otherwise presented any defense to the Court. Accordingly, this factor weighs in favor of granting a default judgment and the allegations in the Government's Amended Complaint are deemed admitted. *See Empire State Carpenters,* 2012 WL 194075, at *3; *Mack Fin. Servs.,* 2011 WL 4628695, at *4; *Indymac Bank,* 2007 WL 4468652, at *1; *Chen,* 30 F.Supp.2d at 623.

However, even if a plaintiff's claims are deemed admitted, a plaintiff must demonstrate that the allegations set forth in the complaint state valid claims. *See Said v. SBS Elecs., Inc.,* No. CV-08-3067, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010) ("With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action."); *J & J Sports Prods., Inc. v. Daley,* No. CV-06-0238, 2007 WL 7135707, at *3–4 (E.D.N.Y. Feb. 15, 2007) ("[C]onclusory allegations based on information and belief" are insufficient to support a finding of default-based liability). Thus, the Court examines the Government's Amended Complaint to determine whether the allegations set forth therein state a valid claim.

Accepting all allegations in the Amended Complaint as true, the Government has asserted valid cause of action under 26 U.S.C. § 7401. Pursuant to 26 U.S.C. § 7402, "the district courts of the United States ... shall have such jurisdiction to make and issue in civil actions ... orders ... and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402. Section 7401 of the U.S. Code authorizes the United States to bring civil actions for the collection of taxes, fines, and penalties where the Secretary authorizes the proceedings and the Attorney General or his delegate directs that the action be commenced. *See* 26 U.S.C. § 7401. Here, the necessary pre-requisites, namely, that Myers's taxes, fines, and penalties are due and owing, has been adequately pleaded. *See* Compl. The Government alleges that Defendant failed to pay the income tax due during a period running from 1999 through 2013. Compl. at ¶¶ 3–5. Because Myers failed to pay his full federal tax liabilities, a delegate from the Secretary of Treasury made an assessment against Defendant for the unpaid taxes, penalties, and interest for these years. *Id.* Despite repeated notices and demand for payment from 1999 through 2014, Myers refused or failed to pay his tax liabilities. Compl. at ¶¶ 3–5. Finally, the Government has alleged that this suit was commenced with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General of the United States, as required under 26 U.S.C. § 7401. *See* Compl. at 1. Based on the foregoing information, the Court finds that the allegations set forth in the Amended Complaint state valid claim.

### 3. Prejudice

The Court next turns to the last factor to consider, whether the non-defaulting party would be prejudiced if the motion for default were to be denied. Denying this motion would be prejudicial to the Government "as there are no addition-

al steps available to secure relief in this Court." *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC,* 2008 WL 5560868, at *2 (citing *Mason Tenders,* 2003 WL 1960584, at *3); *Trustees of the Pavers and Road Builders Dist. Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds v. JREM Const. Corp.,* No. 12–CV–3877, 2013 WL 618738, at *4 (E.D.N.Y. Jan. 28, 2013). If a default judgment is not granted, the Government will have no alternative legal redress to recover the unpaid taxes, penalties, and interest.

Since all three factors necessary to establish a default have been satisfied, the Court respectfully recommends that default judgment be entered against the Defendant.

## B. Damages

■ Once a default is established for the purpose of liability, a plaintiff still must prove damages. *Gutman v. Klein,* No. 03-CV-1570, 2010 WL 4975593, at *1 (E.D.N.Y. Aug. 19, 2010) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.") (citing *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974)). The only question remaining, then, is whether the Government has provided adequate support for the relief sought. *See Gutman,* 2010 WL 4975593, at *1 (burden is on plaintiff to establish entitlement to damages recovery) (citing *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.,* 655 F.Supp.2d 177, 189 (E.D.N.Y. 2009)); *Greyhound,* 973 F.2d at 158.

In determining damages not susceptible to simple mathematical calculations, Rule 55(b)(2) of the Federal Rules of Civil Procedure gives courts discretion to determine whether an evidentiary hearing is necessary or whether detailed affidavits or documentary evidence are sufficient. *See Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and Other Funds v. Metro Found. Contractors Inc.,* 699 F.3d 230, 234 (2d Cir. 2012). "The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, 'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" *La Barbera v. Les Sub–Surface Plumbing, Inc.,* No. 06-CV-3343, 2008 WL 906695, at *3 (E.D.N.Y. Apr. 3, 2008) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)); *accord Concrete Workers Dist. Council Welfare Fund,* 699 F.3d at 233–34.

■ Here, the Government requests damages in the amount of $2,841,219.80, which represents Defendant's indebtedness to the United States for unpaid federal personal income tax liabilities for years through 2013. *See* Pl. Mot. at 2. This amount includes all abatements, payments, and credits, as well as all accrued statutory additions to tax (non-civil-fraud penalties, interest, and applicable lien fees) through March 23, 2016. *Id.* In addition to this amount, the Government requests interest running from March 23, 2016 through the date of judgment. *See* Pl.'s Mot. at 2. It is "clear that the government may seek to recover not only delinquent tax obligations but statutory interest and penalties when the taxes are not timely paid." *See United States v. Crichlow,* No. 02-cv-6774, 2004 WL 1157406, at *5 (E.D.N.Y. 2004) (citing *United States v. Letscher,* 83 F.Supp.2d 367, 374 (S.D.N.Y. 1999) and *Powers v. Karen,* 768 F.Supp. 46, 48 (E.D.N.Y. 1991)).

The Government has submitted the Declaration of Carolyn Fields, Internal Revenue Service ("IRS") Revenue Officer,

detailing the unpaid tax assessments, interest, and penalties for each year in which Myers failed to pay taxes. *See* Declaration of Carolyn Fields ("Barone Decl."), DE [11–2]. As part of her responsibilities, Fields routinely reviews and utilizes information contained in IRS computer records of taxpayer accounts, which "are able to automatically compute a taxpayer's liability as of a date certain." *Id.* ¶¶ 2–3.

Fields examined the IRS computer records regarding Myers's tax liability for the years 1999 through 2013 that show: (i) the assessments of tax, penalties and interest, taking into account all abatements, payments, and credits; (ii) accrued non-civil-fraud penalties and interest; and (iii) the total liability for each tax year. *Id.* Further, and as noted, the Amended Complaint also sets forth the assessments made against the Defendant for tax years 1999 through 2013, totaling $2,822,642.45 as of January 11, 2016. Compl. at ¶ 3. Defendant was given notice of each of the assessments of his liability and an appropriate demand for payment was made upon Defendant. *See* Compl. at ¶ 3. Myers failed to respond to the Amended Complaint as well as the instant motion and has not contested any of these amounts.

 Based on the foregoing, the Court finds that the Government has provided adequate support for the damages it seeks. *See Letscher,* 83 F.Supp.2d at 372 (collecting cases) (It is well established that "with the exception of civil fraud penalty assessments, an IRS notice of tax deficiency is presumed to be correct."); *see also United States v. Chesir,* 526 Fed.Appx. 60, 62–63 (2d Cir. 2013); *O'Rourke v. United States,* 587 F.3d 537, 541 (2d Cir. 2009); *Moretti v. C.I.R.,* 77 F.3d 637, 643 (2d Cir. 1996)

(notice of deficiency "carries a presumption of correctness requiring the taxpayer to prove by a preponderance of the evidence that the Commissioner's determination was erroneous") (citing *Andrew Crispo Gallery, Inc. v. Comm'r of Internal Revenue,* 16 F.3d 1336, 1341 (2d Cir. 1994)). The taxpayer has the burden of proving, by a preponderance of the evidence, that the deficiency is incorrect. *See Moretti,* 77 F.3d at 643.

The Government further seeks interest and statutory accruals on the unpaid tax liabilities of $2,841,219.80 from March 23, 2016 until any judgment is paid in full. Pl. Mot. at 2. Under 26 U.S.C. 6601(a), the Government is entitled to interest on the unpaid tax liabilities based on the underpayment rate set forth in 26 U.S.C. § 6621. *See* 26 U.S.C. 6601(a). That underpayment rate is the sum of the Federal short term-rate (which changes quarterly) plus three percentage points. *See* 26 U.S.C. 6621(2)(a)-(b). In addition, such interest should be compounded daily. *See* 26 U.S.C. § 6622 ("In computing the amount of any interest required to be paid under this title . . . such interest and such amount shall be compounded daily."). Thus, the Court recommends that the Clerk of Court be directed to calculate prejudgment interest based on the underpayment rate set forth in 26 U.S.C. § 6621, which is established by adding the Federal short term rate plus three percentage points. *See* 26 U.S.C. § 6621(a)(2). The Federal short term rate is currently 1.04%.[1] However, the present rate is subject to change, and is available for the Clerk of Court's review and application. Such interest should be compounded daily pursuant to 26 U.S.C. § 6622.

---

1. An index of applicable Federal rates is available on the IRS website, http://apps.irs.gov/ app/picklist/list/federalRates.html.

## V. Conclusion

Based on the foregoing information, the Court respectfully recommends that default judgment be entered against Defendant in the amount of $2,841,219.80. Further, the Court recommends that the Government be awarded prejudgment interest from March 23, 2016 as set forth above.

## VI. Objections

A copy of this Report and Recommendation is being served on the Government by electronic filing on the date below. The Government is directed to serve a copy of it on Defendant and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.